IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

THURMAN KIRKWOOD                                                                            PLAINTIFF

v.                                                                                          No. 2:09CV77-P-A

MARQUET DAWSON, ET AL.                                                                      DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Thurman Kirkwood, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants seek summary judgment, and the plaintiff has responded. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion for summary judgment will be granted in part, and denied in part.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d

202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Factual Allegations**

Kirkwood alleges that on January 29, 2008, Defendant Officers Dawson and Ramirez apprehended him after he fled the courtroom upon being "wrongly convicted." Kirkwood maintains that when he was apprehended, Officers Dawson and Ramirez placed him in

handcuffs, "stomped" him, and struck him in the head with a flashlight. Kirkwood alleges that, as a result of this use of force, he was taken to the local hospital where he received five staples in his head.

In an amendment to the pleadings, he added the Coahoma County Sheriff's Department and two of its officers, Stacy Lester and Neal Mitchell, as defendants in this case. Kirkwood alleges that the defendants conspired to conceal the purported acts of defendants Dawson and Ramirez. Kirkwood added another conspiracy claim against defendants Dawson and Ramirez. Upon receiving discovery in this case, the plaintiff "remembered" that he was actually apprehended by Coahoma County Sheriff's Deputies Lester and Mitchell; however, he now maintains that Officers Dawson and Ramirez assaulted him while he was in cuffs.

## Police Departments and Sheriff's Departments Are Not Entities Subject to Suit Under § 1983

Police departments and sheriff's departments do not have a separate existence from their respective cities or counties and are thus not entities which may be sued. *See Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991) (under Texas law); *Brown v. Thompson*, 927 So.2d 733 (Miss. 2006) (under Mississippi law); *Isaac v. Glennis*, 32 F.3d 566 (5th Cir. 1994). As such, Kirkwood's claims against the Clarksdale Police Department will be dismissed with prejudice, as that defendant is not an entity subject to suit under 42 U.S.C. § 1983.

## Genuine Issues of Material Fact

The events as set forth by the plaintiff in this case stand in sharp contrast to those set forth by the defendants. Under the plaintiff's facts, the defendants would be liable for excessive force; under the defendant's facts, no one used excessive force against the plaintiff. That is the very essence of "genuine issues of material fact." The defendants' arguments in the present

motion attack the plaintiff's credibility.  Indeed, the plaintiff's allegations appear to shift like the sands of the Sahara, conforming themselves to the boundaries of the facts as they are documented in the case.  Credibility is not, however, a subject for disposition through summary judgment.  As such, the plaintiff's claims regarding the remaining defendants in this case will proceed.  A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 25TH day of July, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE