**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**THURMAN KIRKWOOD**                                                                             **PLAINTIFF**

**v.**                                                                     **No. 2:09CV77-M-A**

**MARQUET DAWSON, ET AL.**                                                   **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Thurman Kirkwood, who challenges the legality of his arrest under both 42 U.S.C. § 1983 and 42 U.S.C. § 1985. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants seek summary judgment, arguing that they enjoy qualified immunity and thus cannot be sued in this case. In addition, the defendants argue that the plaintiff's state and federal conspiracy claims fail as a matter of law. For the reasons set forth below, the defendants' motion will be granted as the dismissal of the conspiracy claims, but denied as to the assertion of qualified immunity.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue

for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Factual Allegations**

Kirkwood alleges that on January 29, 2008, Defendant Officers Dawson and Ramirez apprehended him after he fled the courtroom upon being "wrongly convicted." Kirkwood maintains that when he was apprehended, Officers Dawson and Ramirez placed him in handcuffs, "stomped" him, and struck him in the head with a flashlight. Kirkwood alleges that,

as a result of this use of force, he was taken to the local hospital where he received five staples in his head.

In an amended pleading, Kirkwood added the Coahoma County Sheriff's Department and two of its officers, Stacy Lester and Neal Mitchell, as defendants in this case. Kirkwood alleges that all defendants conspired to conceal the purported assault by defendants Dawson and Ramirez. Upon receiving discovery in this case, the plaintiff "remembered" that he was actually apprehended by Coahoma County Sheriff's Deputies Lester and Mitchell; however, he maintains that Officers Dawson and Ramirez assaulted him while he was in cuffs. The defendants dispute the sequence of events, alleging that they did not assault Kirkwood and that he sustained his injuries in a fall during his flight and apprehension. The court dismissed the claims against the Coahoma County Sheriff's Department in an earlier opinion and judgment.

## Conspiracy Claims

Kirkwood has not specified whether his conspiracy claims fall under state or federal law. As such, the court analyze the claims under both state and federal law. A federal conspiracy claim based upon the facts in this case must arise under 42 U.S.C. §1985(3), as all other federal conspiracy statutes are unrelated to Kirkwood's allegations.

## Federal Conspiracy Claim Under 42 U.S.C. §1985(3)

The plaintiff's federal claim of conspiracy arises under 42 U.S.C. §1985(3), which reads:

> (3) Depriving persons of rights or privileges: If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United

> States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

This statute prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws," or to prevent another from voting or advocating in a federal election. 42 U.S.C. §1985(3). A conspiracy to deprive another of the equal protection of the laws requires a showing that "some racial, or class-based discriminatory animus lay behind the conspiracy." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001). "It implies that the decision maker ... selected or reaffirmed a particular course of action at least in part 'because of,' ... its adverse effects upon an identifiable group." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 271-72, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993). *Deubert v. Gulf Fed. Savs. Bank*, 820 F.2d 754, 757 (5th Cir. 1987), held, "it is well-established in this circuit that the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Id.* (emphasis added). Other cases have recognized that the statute also prohibits conspiracies motivated by animus toward any class of persons based on an "inherited or immutable characteristic," political belief, or association. *Sullivan v. County of Hunt*, 106 Fed.Appx. 215, 220 (5th Cir.2004); *Hamill v. Wright*, 870 F.2d 1032, 1037-38 (5th Cir. 1989); *McLean v. Internat'l Harvester Co.*, 817 F.2d 1214, 1219 (5th Cir. 1987). *Vanderburg v. Harrison County, Miss. ex rel. Bd. of Supervisors*, 716 F. Supp.2d 482, 492 -493 (S.D. Miss. 2010).

In the present case, Kirkwood has not alleged that the conspiracy was motivated by any inherited or immutable characteristic, political belief or association – a requirement under §

1985(3). As such, this allegation of conspiracy under federal law must be dismissed for failure to state a claim upon which relief could be granted.

### State Conspiracy Claim

In the context of civil conspiracy, the Mississippi Supreme Court has stated that a conspiracy is an agreement among "a combination of persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." *Shaw v. Burchfield*, 481 So.2d 247, 255 (Miss. 1985), citing *Mississippi Power & Light Co. v. Coldwater*, 234 Miss. 615, 636, 106 So.2d 375, 381 (1958). See also *Ryals v. Pigott*, 580 So.2d 1140, 1156 (Miss.1990). Civil conspiracy resulting in damage may give rise to a right of recovery. *Shaw, supra, citing Bailey v. Richards*, 236 Miss. 523, 537-8, 111 So.2d 402, 407-8 (1959). The elements of a civil conspiracy are:

(1) two or more persons or corporations;

(2) an object to be accomplished;

(3) a meeting of the minds on the object or course of action;

(4) one or more unlawful overt acts; and

(5) damages as the proximate result

*Gallagher Bassett Services, Inc. v. Jeffcoat*, 887 So.2d 777, 786 (Miss. 2004). First, it does not appear that Kirkwood has even alleged all of the elements of civil conspiracy under state law (particularly a meeting of the minds). Second, under the Mississippi Tort Claims Act, Kirkwood's state law conspiracy claim must be dismissed as a matter of law as to all defendants because Kirkwood was – at all pertinent times – engaged in criminal conduct; namely escape from custody and flight from authorities.

The Mississippi Tort Claims Act provides 25 separate exemptions to the general waiver of immunity. See MISS. CODE ANN. § 11-46-9; *L.W. v. McComb Separate Mun. Sch. Dist.*, 754 So.2d 1136, 1139 (Miss. 1999). The Tort Claims Act provides, in relevant part:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> * * *
>
> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person *not engaged in criminal activity at the time of injury*.

MISS. CODE ANN. §11-46-9(1)(c) (emphasis added).

The immunity described in the statute constitutes "an entitlement not to stand trial." *Mitchell*, 846 So.2d at 1029. Thus, upon a showing that the defendants are entitled to statutory immunity, summary judgment is appropriate.

All defendants, while attempting to locate an admitted escaped fugitive, were engaged in the "performance or execution of duties . . . relating to police . . . protection." They are, under the Mississippi Tort Claims ACt, immune from liability unless the Kirkwood can show that he was not engaged in criminal activity at the time of his injury. He admits in his complaint, however, that he fled from the courthouse and was at all relevant times a fugitive. Therefore, under the Mississippi Tort Claims Act, because Kirkwood was engaged in criminal conduct, his state civil conspiracy claim must be dismissed as to all defendants for failure to state a claim upon which relief could be granted.

## Qualified Immunity

The defendants have correctly set forth the standard for qualified immunity in a case proceeding under 42 U.S.C. § 1983. The lynchpin of a qualified immunity defense is thus: If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity. *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992). In addition, "[i]t is important to emphasize that this inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S.

194, 198–200 (2004). "To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. *Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008).

In his original complaint and amended complaint, Kirkwood alleged, under penalty of perjury, that defendants Dawson and Ramirez assaulted him while he was restrained in handcuffs – a valid claim of excessive force in contravention of the Eighth Amendment prohibition against cruel and unusual punishment. The defendants have presented evidence suggesting that they simply did not assault Kirkwood. This is a material fact in dispute, which takes the excessive force claim against these two defendants outside the purview of summary judgment. As such, the defendants' motion for summary judgment as to the claim against Ramirez and Dawson for excessive force will be denied, and the case will proceed on the excessive force claim against those defendants.

In sum, the plaintiff's claim for excessive force against defendants Ramirez and Dawson will proceed. However, the plaintiff's claim of conspiracy will be dismissed as to all defendants. As the plaintiff's only claim against defendants Mitchell and Lester is conspiracy, these defendants will be dismissed from this case. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 23rd day of March, 2012.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI